THE STATE, EX REL. KUCINICH ET AL., *v.* DUFFY ET AL., CUYAHOGA COUNTY BOARD OF ELECTIONS.

[Cite as State, ex rel. Kucinich, v. Duffy (1970), 22 Ohio St. 2d 61.]

(No. 70-171—Decided April 17, 1970.)

*Messrs. Rudd, Miller, Sheerer & Lybarger* and *Mr. Eugene S. Bayer,* for relators.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John L. Dowling,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court. Relators seek to compel respondent Board of Elections of Cuyahoga County to place their names on the May 5, 1970, primary ballot as candidates for the Democratic County Central Committee. The respondents filed a demurrer to the petition, and it is agreed that the ruling on the demurrer will be dispositive.

In this case, each of the relators filed his petition for the office sought, with the bare minimum of five signatures required by R. C. 3513.05. In each instance, the relator, himself, signed the petition as one of the five qualifying signatures. The board of elections found that the petitions contained an insufficient number of signatures.

The primary question raised in this case is whether the signature of the candidate on his own nominating petition, as a signer of that petition, may be considered as a valid signature in determining whether the petition con-

tains the minimum number of signatures required by statute.

R. C. 3513.05 requires that a person desiring to be a candidate shall file a declaration of candidacy and his nominating petition. In relation to the office sought by the relators in the instant case that section provides that the petition "shall be signed by five, but not more than twenty-five, qualified electors * * *. *The electors signing such petition shall be members of the same political party of which the candidate is a member.*"

The emphasized sentence, quoted above, indicates that the statute contemplates that the signers be persons *other* than the candidate.

When a candidate signs his declaration of candidacy, as a candidate, he represents that he is qualified for the office. The requirement of a minimum of five signatures on his petition necessarily requires that those signatures be of persons other than the candidate, who are also willing to state that in their opinion he is qualified for the office.

Therefore, we conclude that the signature of a candidate on his own nominating petition, as a signer of that petition, cannot be included in determining whether such petition contains the minimum number of signatures required by law.

The demurrer to the petition is sustained and the writ is denied.

*Writ denied.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.